UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIAM L. TOLBERT, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 19-001-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate William L. Tolbert, Jr. has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tolbert contends that, in light of the United States Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), his prior Kentucky convictions for first degree robbery no longer qualify as "violent felonies," and, therefore, his federal sentence should not have been enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). [Record No. 1] This matter is before the Court to review the petition pursuant to 28 U.S.C. § 2243.[1]

---

[1] See *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The requested relief will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The petition is evaluated under a more lenient standard because Tolbert is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In October 2008, Tolbert robbed a Long John Silver's restaurant at gunpoint. He was arrested shortly thereafter and charged with several federal crimes, including interfering with interstate commerce by threat or violence, possessing or brandishing a firearm during the commission of a crime of violence, and being a felon in possession of a firearm. *United States v. Tolbert*, No. 3: 08-CR-142-JHM-CHL-1 (W.D. Ky. 2008) [Record No. 1 therein]. On the eve of trial, Tolbert agreed to plead guilty to these offenses. As part of the plea agreement Tolbert admitted that he had previously been convicted of five separate robbery offenses in Case Number 92-CR-2125 in the Circuit Court of Jefferson County, Kentucky. Tolbert also stipulated that he faced a minimum term of 15 years imprisonment and a maximum term of life imprisonment for his federal crimes; for its part, the government agreed to recommend that his three sentences be ordered to run concurrently with one another. Finally, Tolbert expressly agreed that he:

> ... knowingly and voluntarily waives the right (1) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C.§ 2255or otherwise.

[Record No. 48 therein at Page ID # 116] The trial court accepted the plea agreement, and in February 2011 sentenced Tolbert to two concurrent terms of 180 months imprisonment,[2] those terms to be served consecutively to the state sentence that Tolbert was already serving for his five robbery convictions. [Record No. 56 therein]

---

[2] After the plea agreement was executed but prior to sentencing, the Supreme Court held that a "defendant is subject to a mandatory, *consecutive* sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott v. United States*, 562 U.S. 8, 13 (2010) (emphasis added), *overruling United States v. Almany*, 598 F. 3d 238 (6th Cir. 2010). To effectuate the 15-year sentence agreed upon by the parties without running afoul of *Abbott*, the United States agreed to dismiss the § 924(c) count. [Record No. 66 therein at Page ID # 197]

In November 2016, Tolbert filed a motion pursuant to 28 U.S.C. § 2255, asserting that his Kentucky convictions for first degree robbery no longer qualified as valid predicate offenses under the ACCA's "use of force" clause and that the Supreme Court's intervening decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015), rendered the ACCA's "residual" clause invalid. In response, the government argued that Tolbert's motion was untimely, both because it was filed more than one year after *Johnson* was decided as required by 28 U.S.C. § 2255(f)(3) and because his argument regarding the "use of force" clause was not based upon *Johnson* at all. *United States v. Tolbert*, No. 3: 08-CR-142-JHM-CHL-1 (W.D. Ky. 2008) [Record Nos. 89, 94 therein]

The trial court concluded in October 2018 that Tolbert's motion was time-barred and substantively without merit:

> The Court rejects Tolbert's argument that his three prior robbery convictions do not qualify as predicates under the "elements/force clause" of the ACCA. 18 U.S.C. § 924(e)(2)(B)(i). As previously addressed by other courts, Kentucky's first-degree robbery statute
>
>> ... satisfies the ACCA's physical force requirement to constitute a violent felony. One of the elements of the first-degree robbery statute is using or threatening immediate use of physical force. Even if the level of force required under the Kentucky statute is less than the level of force required under the ACCA's elements clause, the statute also requires one of three aggravating factors: "(a) caus[ing] physical injury to another ... (b) [possessing] a deadly weapon, or (c) using or threatening the use of a dangerous instrument upon any person who is not a participant in the crime." KRS 515.020(a)-(c). The element of physical force combined with any one of these aggravating factors rises to the level of violent force.
>
> *Dean v. United States*, 2018 WL 3350403, at *3 (W.D. Ky. July 9, 2018). *See also United States v. Ingram*, 276 F. Supp. 3d 717 (E.D. Ky. 2017); *United States v. Mounts*, 2017 WL 2691418, at *2 (E.D. Ky. June 22, 2017) (rejecting the argument that facilitation of first-degree robbery is not a violent felony).

> Accordingly, the Court finds that a Kentucky first-degree robbery conviction falls under the elements clause of the ACCA.

[Record Nos. 106 therein at Page ID # 437-38] As of this writing, Tolbert's motion for a certificate of appealability remains pending before the United States Court of Appeals for the Sixth Circuit. *Tolbert v. United States*, No. 18-6199 (6th Cir. 2018).

Tolbert argues in his present that "Kentucky 1st Degree robbery, § 515.020, does not fall under the element/physical force clause, and is not listed in the enumerated clause." [Record No. 1 at Page ID # 8] As grounds to seek relief pursuant to 28 U.S.C. § 2241, Tolbert purports to rely upon the Supreme Court's decision in *Mathis*: "So as dictated by *Descamps* [*v. United States*, 570 U.S. 254 (2013)] and *Mathis*, the categorical approach must be applied to Kentucky's 1st degree robbery statute." [Record No. 1 at Page ID #10-17] The Court will deny the petition for the reasons set forth more fully below.

First, Tolbert knowingly and voluntarily waived his right to appeal or collaterally attack his conviction or sentence. *Tolbert*, No. 3: 08-CR-142-JHM-CHL-1 (W.D. Ky. 2008) [Record No. 48 therein at Page ID # 116] Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *petition for cert. filed*, No. 18-6807 (Nov. 26, 2018). In his plea agreement, Tolbert bargained for and received a substantial reduction in the sentence he faced – life imprisonment – in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence by any means, whether by direct appeal or collateral attack. He therefore is barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-

386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Second, Tolbert's claims are not cognizable in a § 2241 petition. To challenge the legality of his federal conviction or sentence a federal prisoner must file a motion under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Under a narrow exception to this rule a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition, but only if: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Tolbert was sentenced in 2011, six years after *Booker* was decided and under a discretionary guidelines regime. His claims do not satisfy the threshold criteria for cognizability under *Hill*. *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker*. . . . On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020

at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018).

Tolbert also fails to satisfy the third criteria of *Hill*. While he invokes the Supreme Court's decisions in *Descamps* and *Mathis* in support of his claims, his arguments do not rest upon them. Both of those decisions explain or clarify application of the "categorical" or "modified categorical" approaches used to determine whether a prior criminal conviction is for one of the four "enumerated offenses" found in 18 U.S.C. § 924(e)(2)(B)(ii). Those four offenses include "burglary, arson, or extortion, involves use of explosives . . ." But Tolbert was convicted five times for *robbery*, which is not one of the four enumerated offenses. Indeed, Tolbert acknowledges as much when he states that "Kentucky 1st Degree robbery, § 515.020, . . . is not listed in the enumerated clause." [Record No. 1 at Page ID # 8] This is plainly correct, rendering Tolbert's reliance upon *Descamps* and *Mathis* misplaced. His argument is that "Kentucky 1st Degree robbery, § 515.020, does not fall under the element/physical force clause . . ." *Id.* But this argument is not predicated upon either *Descamps* or *Mathis*, and therefore is not cognizable in a § 2241 petition.

In any event, Tolbert's argument is without merit. Kentucky first-degree robbery statute provides that:

(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

  (a) Causes physical injury to any person who is not a participant in the crime; or

  (b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

(2) Robbery in the first degree is a Class B felony.

Ky. Rev. Stat. § 515.020. The United States Court of Appeals for the Sixth Circuit has established that Kentucky's first degree robbery statute proscribes conduct which necessarily involves as an "element the use, attempted use, or threatened use of physical force against the person of another," and thus satisfies the requirements of the "use of force" clause found in 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Elliott*, 757 F.3d 492, 495-96 (6th Cir. 2014). The Sixth Circuit has subsequently held that *Elliott* is consistent with *Descamps* and *Johnson v. United States*, 559 U.S. 133 (2010). *See United States v. Page*, 662 F. App'x 337, 41-42 (6th Cir. 2016); *United States v. Ingram*, 276 F. Supp. 3d 717, 721-25 (E.D. Ky. 2017), *aff'd*, 733 F. App'x 812, 815-16 (6th Cir. 2018). Because Tolbert's five prior convictions for first degree robbery in Kentucky qualified as valid predicate offenses under the "use of force" clause, his sentence was properly enhanced under the ACCA.

Accordingly, it is hereby

**ORDERED** that William L. Tolbert, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

Dated: January 25, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge